NUMBERS 13-08-00571-CR


 13-08-00572-CR

 13-08-00573-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JESSE STEVENS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza



 Appellant, Jesse Stevens, pleaded guilty on April 3, 2008 to three offenses pursuant
to a plea agreement with the State. In trial court cause number 08-CR-0017-G, (1) Stevens
pleaded guilty to burglary of a habitation, a second-degree felony. See Tex. Penal Code
Ann. § 30.01(a)(2), (c)(2) (Vernon 2003). In trial court cause number 08-CR-1113-G, (2)
Stevens pleaded guilty to two counts of credit card or debit card abuse, a state jail felony. 
See id. § 32.31(b)(1)(A), (d) (Vernon Supp. 2008). In trial court cause number 07-CR-3349-G, (3) Stevens pleaded guilty to theft of more than $1,500 but less than $20,000, also
a state jail felony. See id. § 31.03(a), (e)(4)(A) (Vernon Supp. 2008). The trial court
deferred adjudication on the burglary charge and placed Stevens on ten years' community
supervision. The trial court found Stevens guilty of the other two offenses, sentenced him
to two years' confinement in state jail, suspended the sentence, and placed him on
community supervision for five years. All three sentences were ordered to run
concurrently.

 On September 9, 2008, the State filed motions to revoke Stevens' community
supervision in each of the three cases, with each motion alleging that Stevens had
committed seven violations of the conditions of his community supervision. The alleged
violations related primarily to Stevens' behavior at a Substance Abuse Felony Punishment
Facility. On September 26, 2008, Stevens pleaded "true" to all seven allegations in each
of the three motions to revoke. The trial court then adjudicated Stevens guilty of the
burglary offense and sentenced him to twenty years' confinement in the Texas Department
of Criminal Justice-Institutional Division. The trial court also revoked Stevens' community
supervision in the other two cases. Again, all of his sentences were ordered to run
concurrently. Stevens now appeals each of the three cases. We consider the appeals
together and affirm.

I. Anders Brief

 Stevens' court-appointed appellate counsel has filed a motion to withdraw and a
brief in support thereof in which he states that he has diligently reviewed the entire record
and that "he finds the appeal to be wholly frivolous." See Anders v. California, 386 U.S.
738 (1967). Counsel reviews the merits of five issues that could arguably be supported on
appeal: (1) whether Stevens was "illegally placed on Probation" in trial court cause number
08-CR-17-G; (2) whether Stevens' conditions of probation were "unlawful delegations of
authority"; (3) whether Stevens was afforded due process of law at his revocation hearing;
(4) whether the evidence was sufficient to establish that Stevens violated the conditions
of his probation; and (5) whether Stevens was "lawfully sentenced following his revocation
of probation." Counsel concludes, however, that all five issues lack merit and that any
appeal in this case would be frivolous. See id. Counsel's brief meets the requirements of
Anders as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex.
Crim. App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim.
App. 1991) (en banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), counsel has carefully discussed why, under controlling authority, there are no errors
in the trial court's judgment. Counsel has informed this Court that he has (1) examined the
record and has found no arguable grounds to advance on appeal, (2) served a copy of the
brief and motion to withdraw on appellant, and (3) informed appellant of his right to review
the record and to file a pro se response. (4) See Anders, 386 U.S. at 744; Stafford, 813
S.W.2d at 510 n.3. More than an adequate time has passed, and no pro se response has
been filed. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the record and find that the appeal is wholly frivolous
and without merit. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005)
("Due to the nature of Anders briefs, by indicating in the opinion it considered the issues
raised in the brief and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); Stafford, 813
S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

III. Motion to Withdraw

 In accordance with Anders, counsel has filed a motion to withdraw. See Anders,
386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State,
903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) ("If an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant. To withdraw from
representation, the appointed attorney must file a motion to withdraw accompanied by a
brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We
grant the motion to withdraw.

 We further order that counsel must, within five days of the date of this opinion, send
a copy of the opinion and judgment to Stevens and advise him of his right to file a petition
for discretionary review. (5) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d
at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).



 

 DORI CONTRERAS GARZA,

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 4th day of June, 2009.
1. Appellate cause number 13-08-00571-CR.
2. Appellate cause number 13-08-00572-CR.
3. Appellate cause number 13-08-00573-CR.
4. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig.
proceeding) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
5. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3, 68.7. Any petition for
discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.